In re Petition of Certain Petitioners for Disconnection from the Metropolitan Sanitary District of Greater Chicago, Appellees, v. The Metropolitan Sanitary District of Greater Chicago, Appellant.

Gen. No. 47,673.

First District, Second Division.
September 22, 1959.
Released for publication October 28, 1959.

George A. Lane, of Chicago (Lawrence J. Fenlon and Peter G. Kuh, of counsel) for appellant.

Francis E. Kelly and LeMoine D. Stitt, Jr., of Chicago, for appellees.

JUSTICE KILEY delivered the opinion of the court.

This is an action under Ch. 42 Sec. 349.1 (Ill. Rev. Stat. 1957) to disconnect a certain area on the western edge of Palatine Township from the Metropolitan Sanitary District of Chicago. The petitioners are electors and landowners who reside in, or own property in, the area sought to be disconnected. The trial court entered the order of disconnection and the Sanitary District has appealed.

Section 349.1 provides for disconnection from the Sanitary District if the territory sought to be disconnected is, (1) upon the border, but within the boundary, of the Sanitary District, (2) contains 20 or more acres, (3) if disconnected will not result in the isolation of any part of the Sanitary District from the remainder of the Sanitary District, and if (4) the Sanitary District has not extended "sewerage or drainage facilities to such territory or has not provided sewage treatment plant facilities. . . ." The Sanitary District concedes that the first three requirements are met here, so the issue before this court is whether the trial court was justified, on the evidence presented, in finding that no "sewerage or drainage . . . or . . . treatment plant facilities" had been extended to the area in question.

2

The Sanitary District contends that it has made available "treatment facilities" to an area within one and a half miles of the border of the area sought to be disconnected, and that it operated a "treatment plant" in the Village of Palatine. The District further argues that it has no legal duty to construct local sewers leading into "intercepting" sewers, and cites Judge v. Bergman, 258 Ill. 246, to this effect.

It is conceded that the area involved is now being adequately served by septic tanks, and appellees argue that the economic burden of affiliation with the Sanitary District would be unduly great. They introduced evidence that an average cost of $2000 per home could be anticipated if the area was to be connected with the Sanitary District's "intercepting" sewer. There was no substantial contrary evidence of cost. This testimony bore on the evidence brought out by the Sanitary District that the area represented by the appellees would have to pay for local sewer facilities to connect either with the Palatine treatment plant or the District's "interceptor" sewer.

A real estate developer in the area testified for appellees that the hilly terrain of the area made installation of sewerage facilities more difficult than it would be in more level terrain. The Sanitary District's expert witness stated on cross-examination that a sewer would serve "a portion" of the area, and that he was not prepared to say that a sewer could serve all the people in the area, due to the contour of the land.

This witness also testified that construction of the District's interceptor sewer to within one and a quarter miles of the area involved was to be the permanent extent of the Sanitary District's service to the area, and in response to the question whether there was any "present facility" removing sewerage or drainage from the area, he answered "No." In addition to this, the record shows that the sewers from the Pala-

3

tine treatment plant were about two miles distant from the area sought to be disconnected.

■ We think that the legislature intended the disconnection provisions of Sec. 349.1 for the relief of areas which would not receive benefits from affiliation with the Sanitary District commensurate with the economic burdens involved, provided that the Sanitary District as a whole would not be harmed by the disconnection. This conclusion does not mean, as appellee contends, that anytime "immediate service" is not being rendered disconnection is proper. In the case at hand the testimony of appellant's own witnesses shows that the District intended to go no further than one and a quarter miles from the area with its facilities, and that the terrain made local sewers unduly expensive. This testimony shows that not only was there no immediate service, but no service was anticipated for the area in the foreseeable future.

■ There is substantial testimony in the record to support the trial court's finding "that the Metropolitan Sanitary District of Greater Chicago has not extended sewerage or drainage facilities to such territory for which disconnection is prayed or has not provided sewerage treatment plant facilities for the said area." It therefore became the duty of the trial court under the statute to enter the order of disconnection, and we cannot say the findings of the court below were contrary to the purpose of the statute nor the manifest weight of evidence. For these reasons the judgment is affirmed.

Affirmed.

MURPHY, P. J. and LEWE, J., concur.